```
        IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF KANSAS
```

**LOREN W. MAY, SR.,**

        **Plaintiff,**

      **v.**                      **CASE NO.  06-3164-SAC**

**UNITED STATES OF AMERICA, et al.,**

        **Defendants.**

### MEMORANDUM AND ORDER

This civil complaint was filed pursuant to 28 U.S.C. 1331 by an inmate at the Leavenworth Detention Center, Leavenworth, Kansas. Plaintiff seeks leave to proceed without prepayment of fees. Plaintiff names as defendants the United States of America as well as federal judges, prosecutors, and attorneys, who were involved in criminal proceedings brought against him in Kansas City, Missouri.

In support of his complaint, plaintiff alleges he has been in custody of the defendants on a faulty indictment because the amount of crack cocaine he sold was not enough to warrant an indictment or "support conspiracy." He also complains that he was ordered to undergo a psychological evaluation causing him to be denied a speedy trial; his right to represent himself was violated; he had no witnesses at his 2005 trial because the marshals forgot to deliver his subpoenas; his sentence of 262 months is cruel and unusual punishment and unconstitutional; and his civil rights have been violated by the federal trial judge who has also dismissed civil actions filed by him since the criminal trial.

Plaintiff asks this court to award money damages for the alleged violation of his rights, accumulating until the correct charges are filed.

**DISCUSSION**

Because Mr. May is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint must be dismissed for the following reasons.

First, it is obvious from the materials filed that plaintiff seeks to challenge the criminal proceedings which resulted in his conviction in the United States District Court for the Western District of Missouri for an offense committed in 2004.  Plaintiff was convicted by a jury on October 25, 2005[1], of Conspiracy to Distribute Crack Cocain in an amount of 50 grams or more. Plaintiff's claim for money damages based upon challenges to his currently valid conviction is foreclosed by Heck v. Humphrey, 512 U.S. 477 (1994); Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996)(applying Heck to Bivens action).  In Heck, the plaintiff filed a civil rights suit seeking money damages for the allegedly

---

[1] Plaintiff indicates he filed a pro se motion to dismiss the indictment in his criminal case in February, 2006, claiming the amount and substance he sold was not properly charged in the indictment.  He also exhibits a Motion for Default Judgment which he filed in March, 2006, stating he had received no response to his motion to dismiss; and the court's order dated March 14, 2006, summarily denying his motion to dismiss.  It appears he has a direct appeal of his criminal conviction pending at this time  (Notice of Appeal to 8th Circuit filed on 4/20/06 in criminal case No. 94-00246-05-CR-W-DW.).

unlawful investigation and his conviction at the hands of defendants. The United States Supreme Court held that the state prisoner's claim for damages was not cognizable under 1983 unless and until his conviction had previously been reversed or invalidated, since a judgment in his favor would necessarily imply the invalidity of his conviction. Heck, 512 U.S. at 487.

Moreover, an attack on the validity of a federal conviction or sentence that is final must be made by motion pursuant to 28 U.S.C. 2255 and filed in the sentencing court, rather than a lawsuit in the district where the prisoner is confined. United States v. Condit, 621 F.2d 1096, 1097 (10th Cir. 1980); Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1965). An action in the district of incarceration for federal habeas corpus relief pursuant to 28 U.S.C. 2241 is not an alternative remedy to a § 2255 motion.

Furthermore, judges acting within the scope of their jurisdiction are absolutely immune from suits for money damages. Bradley v. Fisher, 13 Wall. 335 (1972); see Imbler v. Pachtman, 424 U.S. 409, 422-23 (1976); Pierson v. Ray, 386 U.S. 547, 554-555 (1967). Likewise, prosecutors have absolute immunity for their initiation and pursuit of a criminal prosecution, including presentation of the case at trial. Imbler, 424 U.S. at 431; Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993); Snell v. Tunnell, 920 F.2d 673, 693 (10th Cir. 1990), cert. denied, 499 U.S. 976 (1991). The court also notes that the United States is immune from suit for money damages.

In addition, plaintiff has already presented many of the

3

claims he raises herein in civil rights actions filed in the Missouri District Court, which were dismissed as frivolous. The Missouri federal court notified plaintiff that those actions raising these claims counted as a strike against him for purposes of the three-dismissal rule in 28 U.S.C. 1915(g). However, the dismissal by the Missouri federal court of plaintiff's claims challenging his sentence and conviction were without prejudice to their assertion in any pre-trial or post-trial motion in his federal criminal proceeding, or habeas petition, or direct appeal, or motion pursuant to 28 U.S.C. 2255. Plaintiff must raise any challenge he has to his conviction or sentence on direct appeal. After his appeal is completed, he may only present such claims by way of 28 U.S.C. 2255 in the sentencing court.

The court concludes this action must be dismissed for the reasons stated herein.

Plaintiff's "Motion for Relief" (Doc. 3) appears to be nothing more than a restatement of his "request for relief" in the complaint. Since plaintiff's complaint is dismissed, this motion is denied.

**IT IS THEREFORE ORDERED that plaintiff's Motion for Relief (Doc. 3) is denied; and that this action is dismissed, without prejudice, and all relief denied.**

**IT IS FURTHER ORDERED that plaintiff's Motion for Leave to Proceed Without Prepayment of Fees (Doc. 2) is denied as moot.**

**IT IS SO ORDERED.**

**Dated this 6th day of July, 2006, at Topeka, Kansas.**

5

**s/Sam A. Crow**
**U. S. Senior District Judge**